**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CEPHUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No: 1:15-CV-0086-CAP |
| LUVENIA JACKSON, Individually | ) | |
| And in her Official Capacity as | ) | |
| Superintendent of the Clayton | ) | |
| County School District, and the | ) | JURY TRIAL DEMANDED |
| CLAYTON COUNTY SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Luvenia Jackson and Defendant Clayton County School District (the School District) hereby file this Memorandum of Law in Support of Their Motion To Dismiss Plaintiff's Complaint. In support of their Memorandum of Law, Defendants state as follows:

**INTRODUCTION**

This case largely derives from the publicity that Plaintiff Cephus Jackson received after Defendants placed him on administrative leave to investigate several issues related to the performance of his duties as the Chief Operating Officer of the

School District.  Specifically, Plaintiff complains that Defendant Jackson participated in an interview with a local television network where she provided some details about why the School District placed him on administrative leave. Plaintiff asserts that the information Defendant Jackson provided during the interview was untrue.  According to Plaintiff, he requested a "name clearing hearing" after the story aired, but Defendants refused to provide him with one.

As a result of these allegations, Plaintiff asserts the following four claims: (1) a slander claim against the School District and Defendant Jackson (Count I); (2) a due process claim against the School District and Defendant Jackson (Count II); (3) a punitive damages claim against Defendant Jackson (Count III); and (4) an attorneys' fee claim against the School District and Defendant Jackson (Count IV).

Beginning first with his due process claim, which is based on Defendants' alleged failure to provide him with a name clearing hearing, Plaintiff is entitled to no relief under the due process clause because he continues to have other state remedies of which he could take advantage.  Specifically, he has the ability to file a writ of mandamus action in superior court to force Defendants to provide him with his desired hearing (if he – in fact – is entitled to such a name clearing hearing). Because he has adequate state remedies, his due process claim must fail.

Turning next to his slander claim, Defendants are entitled to judgment as a matter of law on that claim as well.  As an initial matter, the School District and Defendant Jackson (in her official capacity) are immune from liability under the doctrine of sovereign immunity.  As to Plaintiff's slander claim against Defendant Jackson in her individual capacity, she is entitled to immunity under the doctrine of official immunity because Plaintiff has failed to provide any facts in the Complaint to show that Defendant Jackson acted with "actual malice."  Because Defendants are immune from liability on the slander claim, their motion to dismiss should be granted.

Finally, Plaintiff's remaining claims for punitive damages and attorneys' fees must be dismissed because there are no underlying substantive claims to support them.

For these reasons, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

## STATEMENT OF FACTS AS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff is a former employee of the School District.  (Compl. ¶ 1.) Specifically, the School District employed him as the Chief Operating Officer (COO) from March 2009 until March 21, 2014.  (Compl. ¶ 6.)  As the COO, Plaintiff was responsible for overseeing the non-academic aspects of the School

3

District, including construction, buildings, grounds, transportation, technology and the allocation of Special-Purpose Local-Option Sales Tax ("SPLOST") by the District as a supplement to its operating budget.   Defendant Jackson is the Superintendent of the School District.  (Compl. ¶ 2.)

On November 11, 2013, Defendants suspended Plaintiff and placed him on paid administrative leave.   (Compl. ¶ 10; Compl., Ex. 1.)   In the letter memorializing Plaintiff's placement on administrative leave, Defendant Jackson explained to him that he was being placed on paid administrative leave while "an investigation into the matter involving the old Riverdale Elementary School and the city of Riverdale is complete[d]."  (Compl. ¶ 10; Compl., Ex.1.)  Plaintiff came to understand that Defendant Jackson suspended him because she contended that he permitted the City of Riverdale to sublease the vacant Riverdale Elementary School to a charter school without the School District's approval.  (Compl. ¶¶ 11-12.)

Plaintiff alleges that he was unaware that the City of Riverdale had subleased the unused school and that he notified the School District as soon as he learned about the sublease.  (Compl. ¶¶ 12-13.)

On or about January 13th or 14th, 2014,[1] Defendant Luvenia Jackson consented to an interview with WSB-TV reporter Mark Winne.  (Compl. ¶ 15.)[2] The interview aired on public television.  (Compl. ¶ 15.)  Defendant Jackson publicized Plaintiff's suspension, stating that he was suspended "so an administrative investigation can proceed" into procedures involving an alleged agreement between the City and the District regarding the charter school's use of the vacant school.  (Compl. ¶ 15.)  In the broadcast, Defendant Jackson stated that documents "seem to show conflicts between what a Riverdale Development Official says and what Cephus Jackson says about how much he knew about a charter school not under the school systems oversight moving into the old Riverdale elementary building."  (Compl. ¶ 16.)  Defendant Jackson further wrongly accused the Plaintiff of failing to "inform her that the charter school was there and then tried to have it removed without consulting her." (Compl. ¶ 17.) Plaintiff asserts these allegations were false because he notified Defendant Jackson of the sublease issue as soon as he learned about it.  (Compl. ¶ 18-19.)

---

[1]  In parts of the Complaint, Plaintiff alleges that the interview occurred in January 2013.  (*See*, *e.g.*, Compl., ¶ 15.)  Defendants believe that this is a typographical error.

[2]  A complete video of this broadcast can be found at the following web address: http://www.wsbtv.com/videos/news/coo-for-clayton-co-schools-on-administrative-leave/vCNPG5/

In addition to the comments Defendant Jackson made about the sublease issue, Defendant Jackson also stated that: "since the COO was placed on leave the inquiry is broadening to see how millions of SPLOST dollars are spent" and that any "operations procedures and deadlines that Mr. Jackson oversaw" would also be reviewed.  (Compl. ¶ 20.)

Plaintiff states that "upon information and belief" that there was no investigation into his alleged wrongdoing.  (Compl. ¶¶ 21-22.)  Plaintiff bases this belief exclusively on the fact that he alleges that he was not contacted during the investigation.  (*Id.*)  Plaintiff asserts that Defendant Jackson did not have a good faith basis for alleging that he was involved in the "potential misuse of SPLOST funds."[3]  (Compl. ¶ 23.)   Plaintiff alleges that Defendant Jackson made these statements "with malicious intent to injure Plaintiff with actual knowledge that the statements contained in the interview were false or with reckless disregard for their falsity."  (Compl. ¶ 32.)

On January 16, 2014, Plaintiff's attorney sent a letter to Defendant Jackson requesting a "name-clearing hearing" and an opportunity to contest his suspension.

---

[3] To be clear, nowhere during the interview that aired on WSB-TV does Defendant Jackson state that the School District as investigating the "misuse of SPLOST funds."

6

(Compl. ¶ 24; Compl., Ex. 2.)  According to Plaintiff, Defendants refused to afford him any right to be heard.  (Compl. ¶ 25.)

On March 21, 2014, Defendants sent Plaintiff a letter informing him that his contract was not going to be renewed and that he was being terminated for "performance deficiencies."  (Compl. ¶ 26.)

<u>**ARGUMENT AND CITATION OF AUTHORITIES**</u>

**I.**    <u>**Legal Standard For A Motion To Dismiss**</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the Supreme Court amplified in the *Twombly* decision and later in the *Iqbal* decision, although this pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, a complaint that offers nothing more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" fails to meet this standard and should be dismissed. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is proper if the factual allegations are not

"enough to raise a right to relief above the speculative level." *Rivell v. Private Healthcare Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

To determine whether a plaintiff has satisfied the pleading standard set forth in Rule 8(a)(2) and clarified in the *Twombly* and *Iqbal* cases, a court must engage in a two-pronged analysis. First, a court must identify and disregard allegations that are nothing more than legal conclusions and as such, are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. A court need not consider such unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *See Twombly*, 550 U.S. at 555 (explaining that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court has emphasized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

After disregarding unsupported legal conclusions, a court must then identify the non-conclusory, well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. If the factual allegations, assumed to be true, are consistent with a claim for

8

relief, that claim must nevertheless be dismissed if the facts are equally consistent with a finding of no liability. *See id.*

Applying this two-pronged inquiry, the Supreme Court in *Iqbal* granted the defendants' motion to dismiss a claim brought against them by a federal detainee. *See id.* at 1942. In so holding, the Supreme Court first found that the plaintiff's allegation that defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy'" was exactly the type of conclusory allegation that a court should disregard when considering a motion to dismiss. *Id.* at 680. The Supreme Court then held that the plaintiff's complaint otherwise failed to suggest that he was entitled to relief for his claim because it failed to allege facts supporting each element of this claim. *See id.* at 682-86*; see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (holding that plaintiffs' allegation in their Title VII complaint that they were "denied promotions . . . and treated differently than similarly situated white employees solely because of [] race" was too speculative to satisfy the pleading requirements of Rule 8(a)(2)).

## II.    Plaintiff's § 1983 Due Process Claim Against Defendants Should Be Dismissed

Plaintiff alleges that his due process rights were violated when Defendants allegedly denied him a "name clearing hearing." (Compl. ¶¶ 35-40.) A procedural

due process claim for deprivation of liberty may be actionable under 42 U.S.C. § 1983 if "reputational damage is sustained in connection with a termination of employment." *Allen v. Ga. Dep't of Human Res., No*. 5:05–CV–36(DF), 2006 WL 2263987, at *3 (M.D.Ga. Aug. 8, 2006) (citing *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000)). Such a claim requires a plaintiff to prove the following: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." *Buxton v. City of Plant City*, 871 F.2d 1037, 1042-43 (11th Cir. 1989) (footnotes omitted).

For purposes of this motion to dismiss, Defendants assume that Plaintiff has satisfied the first five elements of the claim.  As to the sixth element, "[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." *Cotton*, 216 F.3d at 1331. This requirement ensures that a state has an opportunity to remedy an alleged procedural failure in an appropriate forum before being subject to such a claim.  *Id*.  Courts have held that—even without any specific legal remedy under Georgia law—an individual whose reputational liberty is allegedly harmed is "entitled to initiate a mandamus proceeding for the purpose of seeking [a] name-clearing hearing" under O.C.G.A.

§ 9–6–20. *Allen*, 2006 WL 2263987, at *5; *Cotton*, 216 F.3d at 1332–33; *A.A.A. Always Open Bail Bonds, Inc. v. DeKalb Cnty*., 129 F. App'x 522, 525–26 (11th Cir. 2005) (per curiam). Failure to do so deprives a claimant of an actionable cause of action. *Allen*, 2006 WL 2263987, at *5.

In this case, Plaintiff has not alleged that he sought a writ of mandamus or that this remedy is unavailable to him.   As such, Defendants are entitled to judgment as a matter of law on his due process claim.

### III.   Plaintiff's Slander Claims Should be Dismissed.

#### A.   Plaintiff's Slander Claim Against the School District and Defendant Jackson in Her Official Capacity Is Barred by Sovereign Immunity and Should Be Dismissed.

The Clayton County School District is a political subdivision of the State of Georgia, and is vested with sovereign immunity unless such immunity is waived. *Wellborn v. DeKalb County School Dist.*, 227 Ga.App. 377, 379, 489 S.E.2d 345, 347 (1997); *Crisp County School System v. Brown*, 226 Ga.App. 800, 800–801, 487 S.E.2d 512, 514 (1997); *Coffee County School Dist. v. Snipes*, 216 Ga.App. 293–4, 454 S.E.2d 149 (1995). The Georgia Tort Claims Act (O.C.G.A. § 50–21–20, *et seq*.) provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts from the waiver. O.C.G.A. § 50–21–22(5). Therefore, the Georgia Tort Claims Act does

11

not divest the School District of its sovereign immunity. Only a legislative act that specifically states that sovereign immunity is waived and delineates the extent of that waiver effectively surrenders sovereign immunity. *Wellborn v. DeKalb County School Dist.*, 227 Ga.App. 377–80, 489 S.E.2d 345, 347; *Coffee*, 216 Ga.App. 293–94, 454 S.E.2d 149–150.   Because the School District has not waived sovereign immunity, it is entitled to judgment as a matter of law on Plaintiff's slander claim.  *See Davis v. DeKalb County School Dist.*, 996 F.Supp. 1478, 1484 (N.D. Ga. 1998) (granting summary judgment to school district as to state law claims on sovereign immunity grounds); *Chaney v. Fayette County Public Schools Dist.* 977 F. Supp. 2d 1308, 1321-22 (N.D. Ga. 2013) (same)

Similarly, Plaintiff's slander claim against Defendant Jackson in her ***official capacity***[4] is barred by sovereign immunity. *See Bd. of Comm'rs v. Johnson*, 311 Ga.App. 867, 717 S.E.2d 272, 276 (2011) ("Because any recovery of damages would be paid out of the public purse, county employees sued in their official capacities are entitled to invoke the protection afforded by sovereign immunity.").

---

[4]   As described in the case caption of Plaintiff's Complaint, Defendant Jackson is apparently being sued in both her official capacity and her individual capacity. Defendants address the application of Plaintiff's slander claim in Defendant Jackson's individual capacity in section III.B.

Because Plaintiff's slander claim is barred by sovereign immunity, the School District and Defendant Jackson (in her official capacity) are entitled to judgment as a matter of law.

### B.   Defendant Jackson Is Entitled to Official Immunity on Plaintiff's Slander Claim

Plaintiff alleges that Defendant Jackson slandered him when she stated in the interview that she was investigating him for issues related to the sublease of the Riverdale Elementary School and looking into his spending of SPLOST funds. For purposes of Plaintiff's Motion to Dismiss, Defendants assume Plaintiff can satisfy the basic elements on his slander claim.[5] Defendant Jackson (in her ***individual capacity***) is nevertheless entitled to judgment as a matter of law because she entitled to official immunity.

Under the doctrine of official immunity, an official is immune from liability for discretionary acts performed within the scope of her official authority if the

_____

[5] To state a viable defamation claim under Georgia law, Plaintiff must allege the following:  (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the "actionability of the statement irrespective of special harm."  *Mathis v. Cannon*, 276 Ga. 16, 20-21(2), 573 S.E.2d 376 (2002). *See* OCGA §§ 51-5-1(a); 51-5-4(a)

actions are done without actual malice.[6]  *Cameron v. Lang*, 274 Ga. 122, 123, 479 S.E.2d 341 (2001).

Actual malice, in the context of official immunity,[7] is equated with express malice or malice in fact" and requires a showing of "deliberate intention to do wrong." *Adams v. Hazelwood*, 271 Ga. 414, 415, 520 S.E.2d 896 (1999); *Merrow v. Hawkins*, 266 Ga. 390, 467 S.E.2d 336 (1996).  Actual malice requires more than harboring bad feelings about another. *Adams*, 271 Ga. at 415, 520 S.E.2d 896, *Woodward v. Gray*, 241 Ga.App. 847, 851, 527 S.E.2d 595 (2000).  Rather, the plaintiff must show that the public officer acted with deliberate intent to commit a wrongful act or with deliberate tent to harm the plaintiff.  *Anderson v.* Cobb, 258 Ga. App. 159, 160 573 S.E.2d 417 (2002).

In this case, Plaintiff's Complaint is devoid of any well-plead facts to demonstrate that Defendant Jackson made any false statements about Plaintiff with actual malice.  Admittedly, Plaintiff uses some of the legal phrases such as his allegation that Defendant Jackson acted with "malicious intent," but he offers no

---

[6]  Plaintiff has expressly admitted that Defendant Jackson was acting within her official duties when she allegedly slandered him.  (*See* Compl. ¶ 9.)

[7]  The term "actual malice" is also commonly used in the defamation context.  As the Georgia Court of Appeals has noted, the meaning of actual malice in the defamation context is different than its use in the official immunity context. *Smith v. Lott*, 317 Ga. App. 37, 44, 730 S.E. 2d 663 (2012).  As the Court of Appeals recognized, the showing required for actual malice in the official immunity context is higher than the showing required in the defamation context.  *Id.*

facts to support this conclusory allegation.  Indeed, although Plaintiff alleges that the allegations were false, he acknowledges that Defendant Jackson stated during the interview that she had documents that appeared to show a contradiction between his version of the facts and the version provided by the Riverdale Development Authority.  (*See* Compl.¶ 16.)  Plaintiff does not (and cannot in good faith) allege that Defendants did not have documents from a Riverdale Development Official that seemed to indicate that Plaintiff knew more about the sublease than he initially told Defendant Jackson.[8]

Moreover, Plaintiff certainly has not alleged any facts (as opposed to conclusions) that Defendant Jackson did not believe in good faith that Plaintiff was under investigation by the School District for misleading it about the sublease issue.  In fact, his only support that he was not under investigation is his own statement that he believes no investigation was underway because no one contacted him to get his version of the facts.  (Compl., ¶¶ 21-22.)  However true this statement about whether Plaintiff was contacted by the School District as part of its investigation might be, it does not change the fact that Plaintiff was told in

---

[8]  Notably, the School District – as a government entity – is subject to the Georgia Open Records Act, O.C.G.A. § 50-18-70, *et seq.*  Although he could have easily requested the documents that Defendants relied upon as part of their investigation prior to filing the Complaint, there is no allegation that he has done so or that these documents do not exist.

15

November 2013 – months before the interview – that the School District was investigating some of these issues.  (*See* Compl., Ex. 2.)  Plaintiff has not alleged that Defendant Jackson failed to speak with others that might have information about the underlying allegations, including the Riverdale Official she referenced during her interview.

As such, Plaintiff has not alleged any facts to support his conclusory allegations that Defendant Jackson acted with actual malice when she spoke to WSB-TV about the reasons for Plaintiff's suspension.  *See Stroman v. Bank of America Corp.*, 852 F. Supp. 2d 1366, 1377-78 (N.D.Ga. 2012) (granting motion to dismiss in defamation claim because the plaintiff failed to show that false statements were made with actual malice);[9] *Murdock v. Cobb County*, No. 1:12-cv-01743, 2013 WL 2155465, at *13-14 (N.D.Ga. May 17, 2013) (granting motion to dismiss in excessive force case based on the plaintiff failing to demonstrate sufficient facts to show actual malice).

---

[9]   In deciding that the plaintiff had failed to demonstrate "actual malice," the district court in *Stroman* was interpreting the term as it is used in the defamation context.  As discussed in footnote 5 above, the showing of actual malice in the defamation context is actually lower than the showing required in the official immunity context.

Because Plaintiff has failed to allege sufficient facts to show that Defendant Jackson acted with actual malice when she allegedly slandered him, Defendant Jackson is entitled to judgment as a matter of law.

### IV.   Plaintiff's Claims for Punitive Damages and Attorneys' Fees Cannot Survive Without The Underlying Substantive Claims

Because Plaintiff cannot prevail on his underlying substantive claims, he cannot prevail on his claims for punitive damages and attorneys' fees against Defendants.  *See Daimler Chrysler Motors Co., LLC v. Clemente*, 294 Ga. App. 38, 668 S.E. 2d 737 (2008).  As such, these remaining claims should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted this 13th day of February, 2015.

**[Signature Page to Follow]**

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants
Luvenia Jackson and Clayton County School District

/s/ William P. Miles, Jr.
Randall C. Farmer
Georgia Bar No. 255345
William P. Miles, Jr.
Georgia Bar No. 255345
49 Atlanta Street
Marietta, GA  30060
Phone: 770-422-1776
Email:       rfarmer@gregorydoylefirm.com
              wmiles@gregorydoylefirm.com

18

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing Memorandum of Law has been prepared using Times New Roman font, 14 point type, which is one of the font and print selections approved by the Court in L.R. 5.1B.

This 13th day of February, 2015.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Plaintiff
Cobb County School District


   /s/  William P. Miles, Jr.
Randall C. Farmer
Georgia Bar No.  255345
William P. Miles, Jr.
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA 30060
770-422-1776 (telephone)
770-426-6155 (facsimile)
Email:  rfarmer@gregorydoylefirm.org
         wmiles@gregorydoylefirm.org

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CEPHUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No:  1:15-CV-0086-CAP |
| LUVENIA JACKSON, Individually | ) | |
| And in her Official Capacity as | ) | |
| Superintendent of the Clayton | ) | |
| County School District, and the | ) | JURY TRIAL DEMANDED |
| CLAYTON COUNTY SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of February, 2015, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** using CM/ECF which will automatically send e-mail notification of such filing to the following attorney(s) of record.

> A. Lee Parks, Esq.
> Alexandra ("Sachi") Cole
> Parks, Chesin & Walbert, P.C.
> 75 Fourteenth Street, Suite 2600
> Atlanta, Georgia 30309
> lparks@pcwlawfirm.com
> scole@pcwlawfirm.com

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants
Luvenia Jackson and Clayton County School District

/s/ William P. Miles, Jr.
Randall C. Farmer
Georgia Bar No. 255345
William P. Miles, Jr.
Georgia Bar No. 255345
49 Atlanta Street
Marietta, GA  30060
Phone: 770-422-1776
Email:      rfarmer@gregorydoylefirm.com
            wmiles@gregorydoylefirm.com

1902772_1

21